UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI PIFER,

      Plaintiff,                        Hon.
                                      Case No.

v.

TRINITY HEALTH CORPORATION,

      Defendant.

Noah S. Hurwitz (P74063)
NACHT, ROUMEL & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. NOW COMES Plaintiff LORI PIFER, by and through her attorneys, NACHT, ROUMEL & HURWITZ, P.C., and brings this action against Defendant TRINITY HEALTH CORPORATION, and hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

2. This is an action alleging sex discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) seeking equitable, declaratory, and injunctive relief and money damages against Defendant, as set forth herein.

1

3. Plaintiff Lori Pifer ("Plaintiff") is a resident of Brooklyn, Jackson County, Michigan within the Eastern District of Michigan.

4. Defendant Trinity Health Corporation ("Defendant Company") is a domestic nonprofit corporation headquartered in Chelsea, Washtenaw County, Michigan.

5. Defendant is an employer and Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

6. This Court has jurisdiction pursuant to 29 U.S.C. §206(d) (Equal Pay Act) and 28 U.S.C. §1331 (federal question jurisdiction).

7. Venue in this Court is proper pursuant to 28 U.S.C. §1391, as a substantial part of the events and omissions giving rise to this Complaint occurred in Washtenaw County, Michigan, located within this judicial district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

9. Plaintiff is female.

10. Plaintiff has been a licensed paramedic since 2006 after receiving her emergency medical technician (EMT) license in 2004.

11. In October 2019, Plaintiff began her employment with Defendant Company in 2019 as an Emergency Room Technician.

12. As an Emergency Room Technician, it was Plaintiff's job to respond to medical emergencies, assist with procedures, provide medical care, and deliver patients to the hospital.

13. Plaintiff always performed her duties and responsibilities as an Emergency Room Technician diligently and responsibly to a high degree of satisfaction.

14. As an Emergency Room Technician, Plaintiff was compensated at the hourly rate of $17.80 per hour, less applicable taxes and deductions.

15. Upon information and belief, three of Plaintiff's male colleagues who possess similar or lesser experience and perform similar work and generate similar value for the Defendant, are compensated at a significantly higher rate.

16. Upon information and belief, one male colleague is a licensed paramedic hired at or around the same time as Plaintiff and is paid around $20.50 per hour.

17. Upon information and belief, another male colleague is a licensed advanced emergency medical technician employed by Defendant and is also paid around $20.50 per hour.

18. Upon information and belief, another male colleague is a paramedic who was very recently hired by Defendant and is paid around $22.50 per hour.

19.     Upon information and belief, Defendant employs male colleagues who do not possess a paramedic's license, but yet are paid equal to Plaintiff.

20.     Plaintiff raised the issue of the pay discrepancy with compliance and was told that her male counterparts had more "experience" than her, which is false and would not otherwise justify the pay inequity.

21.     On May 25, 2021, Plaintiff submitted a written request for her personnel records through undersigned counsel.

22.     Plaintiff again submitted an email request for personnel records on June 25, 2021 to Defendant's Associate Counsel, but received no response.

23.     Plaintiff submitted an email request for the personnel records on July 12, 2021 to Defendant's Associate Counsel, but received no response.

24.     Plaintiff submitted an email request for the personnel records on August 17, 2021 to Defendant's Associate Counsel, but received no response.

25.     To date, the personnel records have not been furnished, nor any reason or communication provided for the refusal.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT OF 1963: 29 U.S.C. § 206(D)

26.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

28. Defendant owed plaintiff a duty not to discriminate against her with respect to her compensation on the basis of her sex.

29. Plaintiff is a woman and otherwise a member of a protected class entitled to the protections afforded by the Equal Pay Act due to her sex (female).

30. Defendant and their agents, servants, and/or employees failed to pay Plaintiff equal wages as compared to comparable male employees for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

31. Such payments were not made pursuant to a seniority system, a merit system, a system which measures earnings by quantity of quality of production, or a differential based on any factor other than sex.

32. Defendant's violation of the Equal Pay Act was willful.

33. But for Plaintiff's sex, Defendant would not have subjected her to unequal conditions of employment.

34. As a direct and proximate result of Defendants' actions, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and impairment of her earning capacity and ability to work and will so suffer in the

future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT II
## FAILURE TO PROVIDE PERSONNEL FILE PURSUANT TO BULLARD_PLAWECKI EMPLOYEE RIGHT TO KNOW ACT

35. The "Bullard-Plawecki Employee Right to Know Act," MCL 423.501 *et seq.* ["Right to Know Act"], in relevant part grants an employee the right to receive a copy of his or her personnel records.

36. On May 25, 2021, Plaintiff submitted a written request for her personnel records through undersigned counsel.

37. Plaintiff again submitted an email request for personnel records on June 25, 2021 to Defendant's Associate Counsel, but received no response.

38. Plaintiff submitted an email request for the personnel records on July 12, 2021 to Defendant's Associate Counsel, but received no response.

39. Plaintiff submitted an email request for the personnel records on August 17, 2021 to Defendant's Associate Counsel, but received no response.

40. To date, the personnel records have not been furnished, nor any reason or communication advanced for the refusal.

41. Defendant has therefore violated the Right to Know Act by willfully and knowingly refusing to send Plaintiff a copy of her personnel records.

42. Defendant's willful violation of the Right to Know Act has damaged Plaintiff as described herein and below, and entitles Plaintiff to injunctive relief, $200 plus actual damages, costs, and reasonable attorney fees.

## **RELIEF REQUESTED**

For the foregoing reasons, Plaintiff Lori Pifer prays that this Honorable Court grant the following relief:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation the Equal Pay Act.

b. Award Plaintiff all lost wages, past and future, to which she is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff punitive and exemplary damages;

e. Award Plaintiff reasonable attorney's fees, costs, and interest; and

f. Award such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and all relief requested in this Complaint.

                    Respectfully submitted,

                    /s/ *Noah S. Hurwitz*
                    Noah S. Hurwitz (P74063)
                    NACHT, ROUMEL & HURWITZ, P.C.
                    Attorneys for Plaintiff
                    101 N. Main St., Ste. 555
                    Ann Arbor, MI 48104
                    (734) 663-7550
Dated: October 29, 2021      nhurwitz@nachtlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LORI PIFER,

       Plaintiff,                      Hon.

                                       Case No.

v.

TRINITY HEALTH CORPORATION,

       Defendant.

---

Noah S. Hurwitz (P74063)
NACHT, ROUMEL & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Lori Pifer, by and through his attorneys, NACHT, ROUMEL & HURWITZ, P.C., and demands a jury trial for all issues so triable.

                                         Respectfully Submitted,

                                         NACHT, ROUMEL & HURWITZ, P.C.,

                                         /s/ *Noah S. Hurwitz*
                                         Noah S. Hurwitz (P74063)
                                         Attorneys for Plaintiff
                                         101 N. Main Street, Suite 555
                                         Ann Arbor, MI 48104

Dated: October 29, 2021            (734) 663-7550